UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY MARCH FRANKLIN,

    *Petitioner*,

v.

UNITED STATES OF AMERICA,

    *Respondent*.

                              /

CRIMINAL CASE NO. 10-CR-20467
CIVIL CASE NO. 13-CV-11294

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE**
(Doc. 68)

I. **RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the motion to vacate be **DENIED**.

II. **REPORT**

    A.    **Introduction**

Pending, pursuant to an order of reference from United States District Judge Thomas L. Ludington, is the above-entitled motion, which was filed pursuant to 28 U.S.C. § 2255, to vacate the federal custodial sentence of Anthony Franklin ("Franklin"). The Court has not ordered the government to respond because it finds, for the reasons explained below, that Franklin's motion does not set forth grounds necessitating responsive arguments. Therefore, pursuant to E.D. Mich. LR 7.1(f)(2), the motion is ready for Report and Recommendation without oral argument.

**B.     Background**

Franklin was charged in a one-count superseding information with knowing and intentional distribution of 28 grams or more of a mixture containing cocaine base, i.e, crack cocaine, in violation of 21 U.S.C. § 841(a)(1), on or about January 21, 2010. (Doc. 13.)

On September 15, 2011, Franklin pleaded guilty to the first count of the information pursuant to a Rule 11 plea agreement that had been filed previously. (Doc. 50.) On March 26, 2012, the Court sentenced Franklin to a term of imprisonment of 235 months, to be served consecutively to the parole violation sentence imposed by the Michigan Department of Corrections. On March 28, 2012, judgment was entered and Franklin was committed to the Bureau of Prisons. (Doc. 66 at 2.)

Franklin did not appeal his conviction or sentence. Instead, Franklin filed the instant motion to vacate his sentence on March 21, 2013. (Doc. 68.) In the motion, he contends that he was denied effective assistance of counsel because counsel failed to "conduct a reasonable investigation into prior convictions that were used to enhance the Petitioner into the category as a career offender" and that counsel failed to "object and challenge the Governments' use of Petitioners' prior conviction relating to a felonious assault charge." (Doc. 68 at 2.) Franklin further contends that the "Court improperly applied the CCA status by failing to analyze the language of the Michigan statute 750.82, one of the predicate convictions used for enhancement purposes[,]" citing 18 U.S.C. § 924(e), and *Shepard v. United States*, 544 U.S. 13, 17, 125 S. Ct. 1254, 161 L. Ed. 2d 205(2005). (Doc. 68 at 10-11.)

**C.     Analysis and Conclusions**

**1.     Waiver**

I suggest that Franklin waived his right to challenge the instant sentence. The appellate waiver in Franklin's Rule 11 plea agreement states as follows:

> If the sentence imposed does not exceed the maximum allowed by Part 3 of this agreement, defendant waives any right he has to appeal his conviction on any grounds . . . . Defendant understands that defendants generally have the right to attack their convictions and sentences by filing post-conviction motions, petitions, or independent civil actions. As part of this agreement, however, defendant knowingly and voluntarily waives that right and agrees not to contest his conviction or sentence in any post-conviction proceeding, including – but not limited to – any proceeding under 28 U.S.C. § 2255.

(Doc. 50 at 7-8.)

"It is well settled that a defendant in a criminal case may waive 'any right, even a constitutional right,' by means of a plea agreement." *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001) (quoting *United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995)); *accord United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004). Therefore, the Sixth Circuit has "held that a defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007); *accord Davila v. United States*, 258 F.3d 448, 450 (6th Cir. 2001) ("plea agreement waivers of § 2255 rights are generally enforceable"). However, "in cases where a defendant argues that his plea was not knowing or voluntary, or was the product of ineffective assistance of counsel under *Hill v. Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985), it would be entirely circular for the government to argue that the defendant has waived his right to an appeal or collateral attack when the substance of his claim challenges the very validity of the waiver itself." *Acosta*, 480 F.3d at 422. Nevertheless, "[e]nforcing appeal waivers makes good sense as well. A waiver of appellate rights gives a defendant a means of gaining concessions from the government. The government benefits, too, by saving the time and money involved in arguing appeals." *United*

*States v. Toth*, 668 F.3d 374, 379 (6th Cir. 2012). Therefore, as long as the plea was knowing and voluntary, and not the product of ineffective assistance of counsel, the appellate waiver will be enforced. *Id.*

Here, Franklin does not argue that his plea was not knowing and voluntary and the record reveals that it was both knowing and voluntary. The court properly questioned Franklin regarding his understanding of the rights given up by pleading guilty and his ability to knowingly enter a plea, as well as assuring the voluntariness of his decision, and also asked the government to expressly state the terms of the Rule 11 plea agreement, including the agreed-upon sentencing guideline range of 262 to 327 months and the appellate waiver. (Doc. 55 at 7-24.) The court also specifically questioned Franklin regarding the appellate waiver, stating:

> I need to boil down a couple of key parts of the agreement to make sure you fully understand the consequences of your plea, and the first has to do with an appeal.
>
> What this Rule 11 agreement tells me is that if you are sentenced within the range that's listed in this agreement, you will never be able to successfully appeal what happens to you, ever. Do you understand that?

(Doc. 55 at 19.) Franklin responded, "Yes, sir." (*Id.*) The court further explained:

> You won't be able to appeal successfully right after the sentence is handed down, and you won't be able to appeal successfully later on in what's called a collateral attack or a habeas corpus action, or it's also called a motion to vacate the sentence. What I'm telling you is none of those are going to be successful under the terms of this agreement. Do you understand that?

(Doc. 55 at 19.) Franklin responded, "Yes." (*Id.*) When Franklin was again questioned regarding voluntariness, he provided a factual basis for the plea and all parties agreed that Rule 11 had been complied with. (Doc. 55 at 21-14.) The court again inquired whether Franklin understood the plea he was making; Franklin indicated that he did and the court recommended acceptance of the guilty plea, which the sentencing judge accepted at the time of sentencing. (Doc. 55 at 25.)

I therefore suggest that since the plea was knowing and voluntary, the appellate waiver, which included a waiver of collateral attacks such as the instant § 2255 motion to vacate, should be enforced. I therefore suggest that the motion to vacate be denied.

**2.     Assistance of Counsel**

Alternatively, I suggest that counsel was not ineffective for failing to challenge the criminal history enhancement or his status as a career offender under U.S.S.G. § 4B1.1 based on Franklin's 2002 felonious assault conviction under Mich. Comp. Laws § 750.82. (Doc. 68 at 10; Doc. 50 at 13.) These assertions are different from asserting that the plea "was the product of ineffective assistance of counsel," such that the court should inquire into the effectiveness of counsel before enforcing the appellate waiver. *See Acosta*, 480 F.3d at 422. I further suggest that these assertions of ineffectiveness relate to post-plea sentencing issues where any ineffectiveness could not effect the validity of the plea and its attendant appellate waiver. *See United States v. Coleman*, No. 07-185-JBC-JGW-2 (crim) & No. 09-7091 (civ), 2010 WL 5173205, at *2 (E.D. Ky. June 7, 2010) (relief should be barred where the plea agreement was entered into knowingly and voluntarily because, "[h]aving received the benefit of his agreement, and having entered into his agreement knowingly and voluntarily, the defendant should not now be permitted to violate that same agreement"); *accord United States v. Baxter*, No. 10-1-DLB-JGW-2 (crim) & No. 12-7231-DLB (civ), 2013 WL 177751, at *3 (E.D. Ky, Jan. 15, 2013) (where ineffective assistance claim does not challenge the validity, i.e., knowing and voluntary nature, of the plea, appellate waiver precludes review of § 2255 petition). I therefore suggest that Franklin has not asserted any claim of ineffective assistance of counsel that would entitle him to avoid the knowing and voluntary

5

appellate waiver discussed above. I further suggest that even if the merits of his claim are addressed, the result would be the same.

### a.     Standards

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Court enunciated a two-pronged test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. "Constitutionally effective counsel must develop trial strategy in the true sense – not what bears a false label of 'strategy' – based on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007). Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable affect on the outcome of the proceeding." *Id.* Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id.* at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id.* at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986). This language highlights

the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process.

In *Lockhart v. Fretwell*, 506 U.S. 364, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993), the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

*Lockhart*, 506 U.S. at 369 (citations omitted).

Ineffective assistance of counsel claims "may be brought in a collateral proceeding under § 2255 whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003).

### b. Application

I suggest that there is no merit to Franklin's challenge regarding his criminal history calculation based on the 2002 conviction that added to his criminal history scoring. I first note that this 2002 conviction and a 1996 state felony drug offense were expressly discussed and the parties stipulated to their proper application to Franklin's criminal history. (Doc. 55 at 13-14.) In addition, although the agreed upon sentencing guideline range was 262 to 327 months (Doc. 50 at 15; Doc. 55 at 22-23), Franklin was sentenced below that range, i.e., to 235 months. (Doc. 66 at 2.)

Franklin mistakenly argues that he was sentenced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). (Doc. 68 at 10-11.) However, Franklin's criminal history

enhancement was not based on the ACCA, but rather was properly based on his career offender status under U.S.S.G. § 4B1.1.[1]  (Doc. 50 at 15; Doc. 55 at 22-23.)

I therefore suggest that there is no merit to Franklin's argument regarding his criminal history calculation or to his claim that counsel was ineffective for failing to object to the calculation.  Since Franklin has not averred sufficient allegations that counsel was deficient or that the result of the proceeding is unreliable, *see Strickland, supra*, I suggest that Franklin's motion to vacate should be dismissed.

Finally, even if Franklin could establish that counsel's performance fell below an objective standard, I suggest that he cannot show prejudice.  In order to show prejudice in the context of a guilty plea, petitioner must show that "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed.2d 203 (1985).  Here, Franklin does not even allege that he would have decided to go to trial absent counsel's advice, he merely asserts that his sentence should have been different.  I suggest that Franklin is unable to show prejudice and thus, that his motion should be denied.

### 3.     **Evidentiary Hearing**

Section 2255 states that "[u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues

---

[1] Had Franklin been sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e), and *Shepard, supra*, the Court would have been required to use a modified categorical analysis since the felonious assault statute in Michigan includes assault with a "variety of items – not only guns and knives, but also bars, clubs, and brass knuckles – articles that we have commented are not included in the ACCA's definition of a firearm, knife or 'destructive device.'" *United States v. Mekediak*, 2013 WL 49562, at * 3 (6th Cir. Jan. 3, 2013). However, since he was not sentenced as an ACC, no such approach was needed.

and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). The Sixth Circuit has "observed that a Section 2255 petitioner's burden for establishing an entitlement to an evidentiary hearing is relatively light." *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003) (citation omitted). "In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007). On the other hand, no hearing is required if the motion's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 7787, 782 (6th Cir. 1999) (citation omitted). In addition, "the words 'grant a prompt hearing' are not magic words requiring a district judge, who is fully familiar with the circumstances under which a guilty plea was made, to duplicate procedures and conduct a hearing to resolve alleged fact issues which can and should be decided on the record that already exists." *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993).

In the instant case, there is no material factual dispute that a hearing could address. Furthermore, since I suggest that Franklin has not alleged any grounds for relief, the motion is one where "the files and the records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). I therefore suggest that Franklin is not entitled to a hearing on the allegations raised in his motion.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific

written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005).

The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Commissioner of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co.,* 454 F.3d at 596-97.

                                            s/ Charles E Binder
                                            CHARLES E. BINDER
Dated: April 23, 2013                    United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Roy Kranz, and served by first class mail on Anthony March Franklin, #44971-039, FCI McKean, P.O. Box 8000, Bradford, PA, 16701.

Date: April 23, 2013          By     s/*Jean L. Broucek*
                                    Case Manager to Magistrate Judge Binder