UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff-Respondent,

Case No. 10-20467-01
Honorable Thomas L. Ludington

v.

ANTHONY MARCH FRANKLIN,

Defendant-Petitioner.
_______________________________/

**OPINION AND ORDER REJECTING IN PART REPORT AND RECOMMENDATION, GRANTING GOVERNMENT'S MOTION TO DISMISS, DENYING PETITIONER'S MOTIONS TO VACATE HIS SENTENCE AND TO AMEND HIS MOTION TO VACATE, DENYING CERTIFICATE OF APPEALABILITY AND PERMISSION TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Anthony Franklin is currently serving a term of 235 months' imprisonment for distributing crack cocaine. He attacks his sentence under 28 U.S.C. § 2255. Franklin's § 2255 motion to vacate his sentence is without merit and will be denied.

**I**

Franklin pleaded guilty to distributing 28 grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1). He was then sentenced to a term of 235 months' imprisonment. *See* J. 2, ECF No. 66. Franklin expressly waived his right to challenge his conviction and sentence in his Rule 11 Plea Agreement. *See* Rule 11 Agreement 7 ("As part of this agreement, however, defendant knowingly and voluntarily . . . agrees not to contest his conviction or sentence in any post-conviction proceeding, including—but not limited to—any proceeding under 28 U.S.C. § 2255."). Nevertheless, on March 21, 2013, Franklin filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

Franklin raises three grounds to support his motion to vacate his sentence: (1) trial counsel failed to conduct a reasonable investigation into prior convictions that were used to classify Franklin as a career offender; (2) counsel did not object to the use of Franklin's felonious assault charge to enhance his sentence; and (3) the Court improperly analyzed the language of a Michigan statute that governed "one of the predicate convictions used for enhancement purposes." Pet'r's Mot. Vacate 2, ECF No. 68.

The Court referred Franklin's § 2255 motion to United States Magistrate Judge Charles Binder pursuant to 28 U.S.C. § 636(b)(1)(B). Judge Binder concluded that Franklin waived his right to appeal his conviction and sentence in his Rule 11 Agreement, which was enforceable, and his motion to vacate should be denied on that basis alone. *See* Report & Rec. 4–5, ECF No. 73. Alternatively, Judge Binder concluded that each of Franklin's challenges was without merit, and his § 2255 motion could be denied on that basis as well. *Id*. at 5–8.

As contemplated by Judge Binder's report, Franklin filed objections to the recommendation that his motion be denied. Although Franklin acknowledges that his Rule 11 Agreement contained an appeal waiver, he argues that due to "lack of effective assistance of counsel . . . those proceedings are constitutionally defective." Pet'r's Obj. 2, ECF No. 74. Franklin goes on to emphasize that he "concurs with the Magistrates' statements on page(s) 3 and 4" of the report and recommendation. *Id*. at 8. At the top of page 3, Judge Binder indicated that "Franklin waived his right to challenge the instant sentence." Report & Rec. 3. Over the next two pages (3 and 4), Judge Binder explained why Franklin's waiver was knowing, voluntary, and enforceable. Then, on page 5, Judge Binder suggests "that since the plea was knowing and voluntary, the appellate waiver . . . should be enforced." *Id*. at 5. Despite his apparent agreement with these statements, Franklin claims that the appeal waiver he bargained

for was "improper." Pet'r's Obj. 9. Indeed, he claims that no matter what, he enjoys "an appeal as of right." *Id*.

After filing his objections, Franklin filed a motion for leave to supplement and amend his § 2255 motion. *See* Pet'r's Mot. Amend, ECF No. 75. He wants to add the following four claims: (1) trial counsel was ineffective for waiving Franklin's right to a direct appeal; (2) trial counsel misled Franklin to believe he would benefit from the Fair Sentencing Act of 2010; (3) trial counsel "negotiated and bargained for the application of the mandatory use of the Guidelines"; and (4) trial counsel negotiated for an unconstitutional sentence. *Id*. at 2. The government responded with a motion to strike Franklin's motion to amend. *See* Resp't's Mot., ECF No. 76. It argues that the supplemental filing is untimely under the one-year statute of limitations provided by the Antiterrorism and Effective Death Penalty Act (AEDPA). *Id*. at 4–5.

**II**

Judge Binder correctly noted in his report that "[i]t is well settled that a defendant in a criminal case may waive 'any right, even a constitutional right,' by means of a plea agreement." *United States v. Fleming*, 239 F.3d 761, 763–64 (6th Cir. 2001) (quoting *United States v. Ashe*, 47 F.3d 770, 775–76 (6th Cir. 1995)). Moreover, "a defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007) (collecting cases). But the Sixth Circuit emphasized in *Acosta* that "where a defendant argues that his plea . . . was the product of ineffective assistance of counsel . . . it would be entirely circular for the government to argue that the defendant has waived his right to an appeal or a collateral attack when the substance of his claim challenges the very validity of the waiver itself." *Id*. Thus, because Franklin raises ineffective assistance of counsel

claims—claims that go to the validity of his appeal waiver—it would not be appropriate to enforce Franklin's appeal waiver. *See id*.

Nevertheless, each of Franklin's claims is without merit, and his motion to vacate his sentence will be denied. The Court will deny the motion on different grounds than Judge Binder recommended, however, and so his report and resulting recommendations will be rejected.

**A**

The threshold issue to be addressed is whether Franklin should be allowed to amend his motion to vacate to add the four claims he raises in his motion to amend. Because Franklin's motion to amend raises independent claims that were not pursued within one year of his sentence, the claims presented are untimely. Franklin's motion to amend will be denied.

AEDPA became effective on April 24, 1996, and thus it governs this case (as Franklin was sentenced in 2012). AEDPA imposes a one-year statute of limitations for a motion to vacate a sentence: "A 1-year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255(f). Relevant here, the limitation period shall run from "the date on which the judgment of conviction becomes final." § 2255(f)(1). Franklin's convictions became final on April 11, 2012, fourteen days after he was sentenced (because he did not raise a direct appeal). Thus, under AEDPA, Franklin's motion to vacate his sentence was due on or before April 11, 2013.

Franklin's original § 2255 motion was timely under AEDPA; he filed it on March 21, 2013. However, his motion to amend was filed on June 6, 2013—almost two months late. Congress enacted AEDPA "to advance the finality of criminal convictions." *Mayle v. Felix*, 545 U.S. 644, 662 (2005) (citation omitted). The "tight" one-year limitation period AEDPA imposes was adopted "[t]o that end," and thus "claims asserted after the one-year period" cannot be revived simply because they "relate to the same trial, conviction, or sentence as a timely filed

claim." *Id*. The fresh claims Franklin asserts in his motion to amend bear little resemblance to the three claims he raised in his timely motion to vacate. He brings these claims two months late, after the statute of limitations for raising such claims established by AEDPA had passed. Accordingly, the government's motion to strike will be granted, and Franklin's motion to amend will be denied.

**B**

What remains are the three claims Franklin raises in his motion to vacate his sentence. Although Judge Binder recommended that these three claims be denied because of Franklin's appeal waiver, Judge Binder alternatively recommended that the claims be dismissed on the merits. *See* Report & Rec. 5–8. Franklin objected to that recommendation, so the Court will address Franklin's claims de novo.

**1**

Franklin's first claim is that trial counsel was ineffective for failing to conduct a reasonable investigation into a previous conviction that qualified him as a career offender. Of course, Franklin agreed in his Rule 11 Agreement that he was "a career offender pursuant to § 4B1.1 and . . . subject to an enhanced sentence[,]" and that his 2002 conviction "for assault with a dangerous weapon" constituted "a felony crime of violence pursuant to § 4B1.1." *See* Rule 11 Agreement 4–5. Regardless, Franklin now argues that his sentence should not have been enhanced by his 2002 conviction for felonious assault because it was not a violent offense; he further argues that counsel was ineffective for not investigating the conviction to discern whether it was a crime of violence.

To succeed on an ineffective assistance of counsel claim, Franklin must demonstrate two things: (1) that counsel's performance was deficient; and (2) that the deficiency prejudiced the

defense. *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

Franklin claims that his counsel was ineffective "for failure to investigate prior state trial transcripts, revealing the State Court's finding of fact resulting from a bench trial, stemming from Franklin's felonious assault conviction." Pet'r's Mot. Vacate 7–8. In his objections, Franklin sheds some additional light on the issue, although not much: "Counsel's negligent actions for failure to investigate into State court finding of fact beyond the judgment of conviction from bench trial for violation of felonious assault prejudiced Franklin during preparation of PSR and at Sentencing." Pet'r's Obj. 4–5. Franklin argues that had counsel investigated his 2002 conviction, counsel would have discovered that there was "no contact between the officer and motor vehicle . . . that Franklin was operating . . . ." *Id.* at 5. Apparently, Franklin believes that had counsel investigated his previous conviction, counsel would have discovered that he was actually innocent of the charge, and thus the conviction would not be available to enhance Franklin's sentence.

But in order for Franklin to show that he was prejudiced by counsel's alleged failure to investigate his 2002 felonious assault conviction, Franklin would have to establish that such an investigation would have changed the outcome in this case. In other words, Franklin must be able to demonstrate that had counsel investigated his prior conviction, counsel could have prevented its consideration during sentencing. *See United States v. Ruvalcaba*, 627 F.3d 218, 222 (6th Cir. 2010) (establishing that where prior state convictions had not been declared void by the state court, "the district court did not err by considering them.").

But in *Ruvalcaba*, the Sixth Circuit expressly foreclosed collateral attacks on state court convictions during sentencing proceedings in federal court: "Although a defendant in

Ruvalcaba's position may be able to challenge his or her prior convictions as void . . . through state channels for seeking post conviction relief, attempting to do so during sentencing for unrelated crimes in federal court is an impermissible collateral attack." *Id.* (citation omitted).

So Franklin cannot demonstrate prejudice on this claim. Even had counsel thoroughly investigated Franklin's 2002 felonious assault conviction, and even had counsel discovered that Franklin's vehicle never touched the officer involved, this Court properly considered the conviction because it has not been declared void by the Michigan courts. And in any event, counsel was barred from attacking the conviction during sentencing proceedings. So Franklin cannot demonstrate he was prejudiced by any failure to investigate, and this claim for ineffective assistance is without merit.

**2**

Franklin's second claim fails as well. He argues that counsel was ineffective for failing to object to, and challenge, the government's use of his prior conviction for felonious assault to enhance his sentence. But as explained above, a federal court conducting a sentencing proceeding cannot condone collateral attacks on underlying state court convictions. *Id.* ("attempting to [challenge prior convictions as void] during sentencing for unrelated crimes in federal court is an impermissible collateral attack."). A challenge to Franklin's state court conviction would thus necessarily fail, and his counsel cannot have been ineffective for failing to raise the point. *See, e.g.*, *Mapes v. Coyle*, 171 F.3d 408, 427 (6th Cir. 1999) ("Counsel could not be unconstitutionally ineffective for failing to raise these meritless arguments."). Franklin's second claim for relief is denied.

**3**

Finally, Franklin claims that this Court improperly applied his career offender status "by failing to analyze the language of Michigan statute 750.82, one of the predicate convictions used for enhancement purposes." Pet'r's Mot. Vacate 2. Franklin explains more specifically that "[t]he Court erred in its characterization of Franklin as being a career offender." *Id*. at 10. It seems as though Franklin takes issue with the fact that his 2002 conviction for felonious assault was considered a crime of violence for purposes of enhancing his sentence as a career offender. *See* U.S. Sentencing Guidelines Manual § 4B1.1(a) (2013).

Franklin argues that an investigation into the underlying conviction will show that he "was not operating his vehicle in an unsafe manner," instead, it will show that he "attempted to drive around the officer" when that officer "blocked Franklin's vehicle." Pet'r's Mot. Vacate 14.

But regardless of the underlying facts, because Franklin is foreclosed from attacking his underlying conviction during sentencing, the only question here is whether a conviction in Michigan state court for felonious assault is properly considered a predicate felony for career offender status.

Upon review, Franklin's 2002 conviction for felonious assault was properly considered a crime of violence for purposes of his classification as a career offender. Under § 4B1.1(a), a defendant is a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S. Sentencing Guidelines Manual § 4B1.1(a) (2013). There is no question that the instant offense was committed when Franklin was older than eighteen, and that it is a felony controlled

substance offense. Accordingly, the only question that remains is whether Franklin had two qualifying prior felony convictions.

Franklin does not argue that one of his prior convictions, a 1996 charge for delivering cocaine, is a felony drug offense and properly considered under§ 4B1.1(a). He only argues that his 2002 offense was not a crime of violence. Section 4B1.2 of the Guidelines Manual defines "crime of violence" as follows:

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S. Sentencing Guidelines Manual § 4B1.2(a) (2013). There is little question that felonious assault, or assault with a dangerous weapon, is a crime of violence.

In *United States v. McBee*, 364 F. App'x 991 (6th Cir. 2010), the Sixth Circuit established that a "felonious assault conviction counts as a . . . felony crime of violence." *Id*. at 992. Moreover, in *United States v. O'Valle*, 9 F.3d 110, 1993 WL 337740 (6th Cir. 1993) (per curiam), the Sixth Circuit established that attempted felonious assault is a "crime of violence" for purposes of § 4B1.1 career offender enhancements. *Id*. at *2. Certainly, then, so too is a felonious assault conviction. This Court did not err in considering Franklin's 2002 felonious assault conviction a crime of violence, and as a result, sentencing him as a career offender under § 4B1.1. Franklin's third ground is thus without merit.

**IV**

Before Franklin may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.* at 336–37.

Franklin has not demonstrated a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. The Court will also deny Franklin permission to proceed on appeal *in forma pauperis*. *See Foster v. Ludwick*, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002); 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a).

**V**

Accordingly, it is **ORDERED** that the government's motion to dismiss, ECF No. 76, is **GRANTED**.

It is further **ORDERED** that Franklin's motion to amend, ECF No. 75, is **DENIED**.

It is further **ORDERED** that Judge Binder's report and recommendation, ECF No. 73, is **REJECTED IN PART**.

It is further **ORDERED** that Franklin's motion to vacate his sentence, ECF No. 68, is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**, and the Court **DECLINES** to grant Franklin *in forma pauperis* status on appeal.

Dated: June 6, 2014

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail, and upon Anthony March Franklin #44971-039, FCI McKean, P.O. Box 8000, Bradford, PA 16701 by first class U.S. mail on June 6, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS