UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff-Respondent,                Case No. 10-cr-20467

v.                                      Honorable Thomas L. Ludington

ANTHONY MARCH FRANKLIN,

        Defendant-Petitioner.
_____/

## ORDER TRANSFERRING PETITIONER'S MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255 TO THE COURT OF APPEALS AS A SECOND OR <u>SUCCESSIVE HABEAS CORPUS PETITION</u>

On March 21, 2013, Petitioner Franklin filed a motion for vacate his sentence under 28 U.S.C. § 2255. ECF No. 68. That motion was denied on June 6, 2014. ECF No. 78. On May 31, 2016, Franklin filed another motion to vacate. ECF No. 86. Pursuant to a stipulation by the parties, it was transferred to the Sixth Circuit Court of Appeals for review because it was a second or successive habeas corpus petition. ECF No. 95. Later, the motion was voluntarily dismissed by Franklin. ECF No. 96. Now, Franklin has filed another motion to vacate pursuant to § 2255. ECF No. 98.

Under § 2255(h):

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). In turn, § 2244(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(3)(A). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without prior authorization from the Court of Appeals, the district court must transfer the document to the Court of Appeals pursuant to 28 U.S.C. § 1631.[3] *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Accordingly, only the Court of Appeals has jurisdiction to review Franklin's claims. His motion will be transferred to the Sixth Circuit.

Accordingly, it is **ORDERED** that the Clerk of the Court shall **TRANSFER** Petitioner Anthony Franklin's Motion to Vacate Sentence, ECF No. 98, to the Sixth Circuit Court of Appeals.


Dated: June 29, 2017                                  s/Thomas L. Ludington
                                                      THOMAS L. LUDINGTON
                                                      United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 29, 2017.

                              s/Kelly Winslow
                              KELLY WINSLOW, Case Manager

---

[3]     This statute reads:

Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

28 U.S.C. § 1631.