UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                             Case No. 10-CR-20467-01

v.                                               Honorable Thomas L. Ludington

D-1, ANTHONY MARCH FRANKLIN,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE**

On September 15, 2011, Defendant Anthony March Franklin pled guilty to one count of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1). ECF No. 50. On March 28, 2012, he was sentenced to 235 months imprisonment. ECF No. 66. On March 21, 2013, Defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255. ECF No. 68. After referral to Magistrate Judge Charles E. Binder, Defendant's motion was denied. ECF No. 78. On May 31, 2016, Defendant filed his second motion to vacate. ECF No. 86. Defendant's second motion was transferred to the Sixth Circuit Court of Appeals for authorization pursuant to 28 U.S.C. §§ 2244(3)(A) and 2255(h). ECF No. 100. On December 12, 2017, the Sixth Circuit denied Defendant's application for authorization to file the second § 2255 motion. ECF No. 101.

On June 7, 2020, Defendant moved to reduce his sentence to 121 months under 18 U.S.C. § 3582(c)(2) based on Amendments 780, 782, and 788 to the United States Sentencing Guidelines. ECF No. 117. Defendant states that he is "eligible for a reduction of his sentence by retroactive application of USSG Amendment 782 to controlled substance offenses pursuant to 18 U.S.C. § 3582(c) and Policy Statement §1B1.10." *Id.* at PageID.457. The Government agrees that

Amendment 782 enacted a two-level reduction to the guideline base offense levels for all drugs listed in §2D1.1 but contends that Defendant's "guideline sentencing range was based on the career offender provision and not the drug quantity." ECF No. 119 at PageID.477. The Government concludes that "[a] defendant is not entitled to a reduction under § 3582(c)(2) where his [plea] agreement was based on the § 4B1.1 career offender guideline ranges and not on a range which was subsequently lowered by the Commission." *Id.*

The Government is correct. "[The Sixth Circuit] has consistently held that a defendant convicted of [drug]-related charges but sentenced as a career offender under U.S.S.G. § 4B1.1 is not eligible for a reduction based on an amendment to the drug-quantity table." *United States v. Cook*, 870 F.3d 464, 468 (6th Cir. 2017) (internal quotation marks omitted). In his first motion to reduce his sentence, Defendant challenged his career offender status as improperly applied. ECF No. 68. This Court rejected Defendant's contention, holding that there was no error in "sentencing [Defendant] as a career offender under § 4B1.1." ECF No. 78 at PageID.337. Now Defendant claims, without elaboration, that "[he] was not sentenced under the career offender guideline but instead . . . under Sixth Circuit law." ECF No. 117 at PageID.459. Defendant's assertion is without support. Defendant's sentence was based on career offender status, not drug quantity. His motion will thus be denied.

Accordingly, it is **ORDERED** that Defendant's motion for reduction of sentence, ECF No. 117, is **DENIED**.

Dated: September 16, 2020                    s/Thomas L. Ludington
                                             THOMAS L. LUDINGTON
                                             United States District Judge

- 3 -

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Anthony March Franklin** #44971-039, MCKEAN FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 8000, BRADFORD, PA 16701 by first class U.S. mail on September 16, 2020.

s/Kelly Winslow
KELLY WINSLOW, Case Manager